UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chandra Elaine Lewis

   Plaintiff,

  v.                  Case No. 1:17-cv-538

Commissioner of Social Security,       Judge Michael R. Barrett

   Defendant.


## ORDER

This matter is before the Court upon the Magistrate Judge's June 4, 2018 Report and Recommendation ("R&R") recommending that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 12).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's June 4, 2018 R&R. (Doc. 13). The Commissioner then filed a response to those objections. (Doc. 14).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. (Doc. 12).

1

Plaintiff maintains that the Magistrate Judge's June 4, 2018 R&R was in error for the following reasons: (1) the ALJ did not consider all the record evidence and instead engaged in a "pick and choose" method that ignored "substantial evidence" demonstrating a leg disability and (2) both the Magistrate Judge and Commissioner engaged in post hoc rationalization of the ALJ's decision not to include a limitation for the leg disability. (Doc 13).

I. **ANALYSIS**

   A. **"Pick and choose"**

Plaintiff asserts that the ALJ took a "pick and choose" approach to determining Plaintiff's limitations, and the ALJ allegedly ignored "substantial evidence" in the record that Plaintiff suffered from a leg pain that required elevation for relief. This Court has previously considered what constitutes "substantial evidence" for an ALJ hearing:

> Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir.1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir.1988) (citation omitted). To be substantial, the evidence 'must do more than create a suspicion of the existence of the fact to be established ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' *LeMaster v. Sec'y of Health and Human Servs.*, 802 F.2d 839, 840 (6th Cir.1986) (quotation omitted).

*Jones v. Commissioner of Social Sec.*, No. 3:13cv019, 2014 WL 1050042, at *1 (S.D. Ohio Mar. 17, 2014). Here, Plaintiff has done no more than "create a suspicion of the existence of the fact to be established." *Id.* The Magistrate Judge found that "there is virtually no evidence to support the extreme functional limitation that Plaintiff proposes,"

2

as only a single record – a 2010 emergency room visit – supports a doctor's instruction to elevate Plaintiff's left leg. (Doc. 12 at PageID 806). The other medical record relating to leg pain was a primary care physician visit in September 2014, during which Plaintiff mentioned occasional left knee swelling, which was not recorded at subsequent medical exams or referenced as part of a treatment plan. This is the entire record of leg pain that Plaintiff asserts merits a disability instruction, and the ALJ cited the second mention of leg pain from the September 2014 visit in the determination of Plaintiff's residual functional capacity ("RFC"). (*Id.*).

Plaintiff argues, and the Magistrate Judge noted, that the ALJ did not cite to the specific evidence of leg pain in the record that prescribed elevation for relief. (*Id.*). Plaintiff concludes this omission is detrimental and frustrates finding a justified disability due to the need to "occasionally" elevate Plaintiff's leg during business hours, which restricts the jobs she could perform. (Doc. 13 at PageID 810). However, even if the ALJ did not discuss this particular evidence, the failure to expressly point out which evidence was relied on was not error. *See Smith v. Colvin,* No. 1:14-CV-969, 2016 WL 1068376, at *3 (S.D. Ohio Feb. 8, 2016), *report and recommendation adopted sub nom. Smith v. Comm'r of Soc. Sec.*, No. 1:14-CV-969, 2016 WL 1060351 (S.D. Ohio Mar. 17, 2016) (new material evidence that supported conclusion did not have to be explicitly discussed in ALJ's rationale). Therefore, the Magistrate Judge did not err in concluding that the ALJ fulfilled the duty to explain the basis for RFC in finding that Plaintiff does not merit a limitation for needing to "occasionally" elevate her legs. This Court has previously determined there are not any formalistic requirements for what must be explicitly considered in reviewing an application for disability status: as long as substantial evidence supports the current

3

ALJ's conclusion, the Court should affirm the ALJ's decision. *Compare Chandler v. Comm'r of Soc. Sec.*, 124 F. App'x 355, 358 (6th Cir. 2005) (a notable lack of medical evidence merited deference to ALJ's credibility determination based on what substantial evidence did exist) *with Lewis-Money v. Comm'r of Soc. Sec.*, 142 F.Supp.3d 631, 641 (S.D. Ohio 2015) (three separate, consistently detailed treatment sources over seven years that contradict the disability determination should not be cursorily analyzed by the ALJ).

### B. "Post hoc rationalization"

Plaintiff asserts that since the ALJ did not explicitly address the 2010 hospital visit, which recommended Plaintiff elevate her left leg to alleviate discomfort, any subsequent discussion over the insignificance of the evidence is solely "post hoc rationalization" and is legally invalid. (Doc. 13 at PageID 810). Plaintiff explains that this omission by the ALJ disrupts the foundation of the Commissioner and Magistrate Judge's determinations and requires remand. (*Id.* at PageID 811).

The Court finds no error in the Magistrate Judge's conclusion that the ALJ properly weighed the record as it pertains to leg pain and provided a well-reasoned conclusion without explicit discussion of the 2010 emergency room visit. *See Williams v. Astrue*, No. 2:09–CV–042, 2010 WL 503140, at *5 (E.D. Tenn. Feb. 8, 2010) (failure to expressly point out which evidence was relied on was not error, where ALJ discussed evidence post-dating prior ALJ's opinion)). ALJs retain a "zone of choice" under the substantial evidence standard of review." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986). "As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir.

4

2012). Therefore, the Magistrate Judge did not err in concluding that the ALJ's omission of a single mention of elevation for leg pain – absent any evidence of Plaintiff's ongoing treatment for or pursuit of recurring medical attention related to leg pain – was insufficient to reverse a determination rejecting a leg-related disability.

## II. CONCLUSION

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's June 4, 2018 R&R. (Doc. 12). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                                s/Michael R. Barrett
                                        Michael R. Barrett
                                        United States District Judge